IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Gladney, | C/A No.: 3:12-2160-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Broadcast Music Inc.; Library of Congress; and ASCAP, | |
| Defendants. | |

Thomas Gladney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against three defendants alleging copyright infringement and seeking an order awarding him royalties. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff alleges that he copyrighted written material in the nature of song lyrics or poems in 1981 and that it was subsequently used by "other people" without his permission and without his receipt of royalties. [Entry #1 at 2–3]. He states that shortly after copyrighting the material, he showed it to some people in a band in Columbia, South Carolina and to Carlton Press; however, none of those people or entities is named as a defendant in the complaint. *Id*. at 3. Plaintiff asserts that the improper use of his

copyrighted material occurred from 1981 to the present and seeks a court order to obtain payment for the use of his material. *Id*. at 4.

The three defendants named in the complaint are two corporations that are involved in the licensing of copyrighted music, Broadcast Music, Inc. and ASCAP ("The American Society of Composer, Authors and Publishers"), and the Library of Congress, the federal agency that issued the alleged copyrights at issue. [Entry #1 at 5]. Although Plaintiff attaches a list of musicians and songs that he apparently believes violated his copyrights, he does not name any of those musicians as defendants. [Entry #1-2 at 2–3].

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To be liable for royalty or licensing payments for improper use of copyrighted material, there must be allegations that the alleged offender personally infringed the copyright or exerted sufficient control over the actual infringers or received sufficient financial reward from the alleged wrongful use of the copyrighted material to impose constructive or vicarious liability. *See* 17 U.S.C. § 501; *Universal Furniture Int'l, Inc. v. Frankel*, 835 F. Supp. 2d 35, 49–50 (M.D.N.C. 2011) (sufficient allegations and proof of financial reward and control found for constructive liability); *see also Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750–51 (S.D.N.Y. 2012) ("a plaintiff must allege that the defendant 'with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another'") (quoting from

*Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)).

Plaintiff does not allege that any of the defendants personally infringed on his copyrights and he does not allege that any of them are in any way contributorily or vicariously responsible for any other person's infringement. In fact, other than naming them as defendants in the caption of the complaint, Plaintiff's allegations do not state any facts showing that they were involved in the alleged copyright infringement; what connection they have to anyone who may have infringed; or why Plaintiff seeks to hold them liable for the royalties to which he alleges entitlement. The only specific reference to any of the three defendants comes at the very conclusion of the complaint, in the "relief" section where Plaintiff states that "B.M.I. [Broadcast Music, Inc.] told me that he could not pay me unless I got a court order, and that what I want so I can send it to B.M.I. and the copyright office Library o congress." [Entry #1 at 5].

In the absence of substantive allegations of wrongdoing and the potential for liability under the copyright laws against any of the named defendants, it is recommended this case be dismissed pursuant to 28 U.S.C. § 1915.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

4

IT IS SO RECOMMENDED.

August 23, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).